## Wm. Gunnell's Curator *v.* J. F. Luke.

**Attorney and Client—Lien for Fee—Compromise.**

An attorney has a lien on choses in action or other claims or demands put in his hands for collection which cannot be defeated by a compromise between the parties, and a purchaser takes the property subject to the attorney's lien for a reasonable fee.

**Cost—Officer's Fees—Lien.**

The officers of a court are not entitled to a lien of the subject matter in litigation for their fees. Their fees are against the parties and are merely personal in their nature.

APPEAL FROM SCOTT CIRCUIT COURT.

September 29, 1871.

OPINION BY JUDGE LINDSAY:

The Act of January 26, 1866, Myers' Supplement 685, giving to attorneys at law, liens upon choses in action or other claims or demands put in their hands for collection is intended to secure the payment of any fee which may reasonably have been agreed upon, or in the absence of such an agreement, a fair and reasonable fee for the services rendered. The attorneys Stevenson and Beck held a lien upon the entire amount the original plaintiffs in this action were entitled to recover from Gunnell, and this lien said plaintiffs could not defeat by compromise with Gunnell. He purchased their claim, and took it subject to the lien of said attorneys. Luke being jointly bound for said fee and having been compelled to pay it off, was thereby equitably substituted to the attorney's rights and entitled to recover from the assignee of his co-plaintiffs an amount equal to this pro rata of such fee.

The officers of the court did not, however, hold liens on the claim in litigation. Their fees were against the parties themselves, and were merely personal in their nature.

If Luke himself has any claim for compensation it is against his co-plaintiffs and not the claim in litigation. The assignee, Gunnell, can not be charged with the payment of any part of this costs, of the litigation incurred by his assignors nor of any part of Luke's claim for compensation for services.

As their claims are included in the judgment, it must be reversed. The cause is remanded for further proceedings consistent with this opinion.

*Polk & Beck, for appellant.*

*Stevenson, for appellee.*